## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAM MANNINO ENTERPRISES, INC. and SAM MANNINO ENTERPRISES, LLC, d/b/a INVESTORS FIRST CAPITAL, | No. 4:19-CV-02075 |
| | (Judge Brann) |
| Plaintiffs, | |
| v. | |
| CIT RAILCAR FUNDING COMPANY, LCC and THE CIT GROUP/EQUIPMENT FINANCING, INC., | |
| Defendants. | |

## MEMORANDUM OPINION

### JUNE 10, 2021

## I.    BACKGROUND

This is a tort case predicated on this Court's diversity jurisdiction and brought under Pennsylvania law.  Sam Mannino Enterprises, Inc. and Sam Mannino Enterprises LLC, d/b/a Investors First Capital ("Plaintiffs") sued CIT Railcar Funding Company, LLC and The CIT Group/Equipment Financing, Inc. ("Defendants") in the Court of Common Pleas of Centre County, Pennsylvania, alleging tortious interference with contractual relations and tortious interference with prospective business relations.  Defendants have removed the matter to this Court.  Discovery concluded and Defendants moved for summary judgment.

Since Defendants filed their motion, Plaintiffs have engaged in various tactics to delay resolution of the matter.  First, Plaintiffs failed to oppose the motion for summary judgment in a timely manner.  That motion was filed on December 31, 2020.[1]  Defendants submitted their brief in support of the motion on January 11, 2021.[2]  Plaintiffs did not provide any sort of response until February 15, 2021 (two weeks after the deadline), when they asked this Court for an extension.[3]  I granted this extension over Defendants' compelling arguments against allowing more time, hoping to address the issues on their merits rather than adjudicate an unopposed motion for summary judgment.[4]

Plaintiffs failed to meet their extended deadline for filing a brief in opposition to the motion for summary judgment.  Instead, less than 20 minutes before their new deadline, Plaintiffs filed two different motions with the Court. The first asked to stay the litigation pending the resolution of a Pennsylvania state court appeal.  That motion was meritless, and I denied it without response from Defendants.  The second motion asked the Court to defer ruling on the motion for summary judgment until further discovery had been conducted, invoking Federal Rule of Civil Procedure 56(d).  I allowed Defendants to submit a brief in opposition to that motion, and asked Plaintiffs to "respond to whatever arguments

---

[1]   *See* Doc. 15.
[2]   *See* Doc. 19.
[3]   *See* Doc. 20.
[4]   *See* Doc. 22.

Defendants raise[d]."  In keeping with the way Plaintiffs have conducted this litigation, they failed to submit a reply brief at all, much less one that meaningfully responded to Defendants' arguments.

To avoid any suggestion that this Court has not allowed Plaintiffs to conduct fulsome discovery, I will grant Plaintiffs' request to depose Angela Harmon and receive documentary production relevant to her.  Plaintiffs will <u>not</u> be permitted any additional discovery, as that deadline passed months ago.

In sum, Plaintiffs' request for additional discovery under Rule 56(d) is granted.  Defendants' motion for summary judgment is granted in part and denied in part.  Because nothing Ms. Harmon knows would have any impact on Count 1, I grant summary judgment to Defendants on that issue. The motion for summary judgment on Count 2 is denied without prejudice to Defendants' ability to move again after this limited discovery is completed.

## II.    DISCUSSION

### A.    Motion for Additional Discovery

A premature motion for summary judgment is unhelpful to both the parties and the Court.  Rule 56(d) exists to prevent a non-moving party from being "railroaded" by a motion for summary judgment made before an appropriate time.[5] "It is well established that a court is obliged to give a party opposing summary

---

[5]    *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

judgment an adequate opportunity to obtain discovery."[6]  When a non-moving party believes that it has not had the opportunity to develop an adequate record, it may file a request under Rule 56(d).

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[7]  This affidavit or declaration should specify "what particular information that is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained."[8]

The Court acknowledges that Plaintiffs' affidavit has arguably not sufficiently supported the second requirement; it is unclear how the discovery they seek would preclude summary judgment.  In fact, as discussed below, it is rather clear that nothing Ms. Harmon knows would preclude summary judgment on Count 1.  Nevertheless, there has been some inconsistency as to whether failure to strictly comply with the requirements of Rule 56(d) is fatal to the request.[9]

---

[6]   *Shelton v. Bledsoe*, 775 F.3d 554, 565 (3d Cir. 2015) (internal quotation marks omitted).
[7]   FRCP 56(d).
[8]   *Shelton*, 775 F.3d at 568 (3d Cir. 2015) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 140 (3d Cir. 1988)).
[9]   *Compare St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994) (noting that failure to comply with Rule 56(d) is "not automatically fatal to its consideration") *with Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002) (stating that "in all but the most exceptional cases, failure to comply with [Rule 56(d)] is fatal to a claim of insufficient discovery on appeal").

Furthermore, while Defendants provide some explanation for their own failure to strictly comply with their discovery obligations, and detail Plaintiffs' confounding lack of involvement in the discovery process, "that does not alleviate Defendant[s'] duties to disclose under Rule 26(a) or to supplement such disclosures under Rule 26(e)."[10]  While Defendants need not have provided electronically stored information without receiving the security assurances necessary, they also could have provided some short explanation of what Ms. Harmon knew in their initial disclosures.  It seems they did not do so, as required by the rule.  Therefore, while the Court is not necessarily convinced that this additional disclosure would have motivated Plaintiffs to engage meaningfully in discovery, there is no way to create that counterfactual scenario.

Therefore, I will grant Plaintiffs' request to depose Ms. Harmon and receive documentary evidence from Defendants relevant to her knowledge of the case. Plaintiffs will comply with any such reasonable request from Defendants with regard to the electronically stored information at play, and Defendants will produce this information upon compliance.

However, this Court will still consider Defendants' motion for summary judgment on Count 1.  Normally, a District Court should refrain from ruling on summary judgment after granting a Rule 56(d) request.  "If discovery is

---

[10]   *Cope v. Wal-Mart Stores East, LP*, 2017 WL 2802722 at *7 (D. Conn. June 28, 2017).

incomplete, a district court is rarely justified in granting summary judgment, *unless* the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law."[11]  That is the case here, as to Count 1, tortious interference with contractual relations.  Although Plaintiffs' counsel vaguely asserts in his declaration that discovery from Ms. Harmon would be "instrumental" to overcoming the motion from summary judgment, that is simply incorrect as a matter of law.  Therefore, I proceed to Defendants' motion on Count 1 as unopposed, because Plaintiffs have, indeed, failed to oppose that motion.

###    B.    Motion for Summary Judgment

###        1.    Standard of Review

I begin my analysis with the standard of review which undergirds summary judgment.  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose."[12]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13]  "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed

---

[11]    *Shelton*, 775 F.3d at 568 (3d Cir. 2015) (emphasis added).
[12]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[13]    Fed. R. Civ. P. 56(a).

issue is correct."[14]  "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[15]  "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[16]

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[17]  Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[18]  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[19]  "The judge's inquiry, therefore, unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is

---

[14]  *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986) and *Celotex*, 477 U.S. at 322).
[15]  *Clark*, 9 F.3d at 326.
[16]  *Id*.
[17]  *Liberty Lobby, Inc*., 477 U.S. at 252.
[18]  *Id*.
[19]  *Id*.

imposed.'"[20]  The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[21]  "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[22]

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[23]  For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (1) "citing to particular parts of materials in the record" that go beyond "mere allegations"; (2) "showing that the materials cited do not establish the absence or

---

[20]  *Id. (quoting Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).
[21]  *Celotex*, 477 U.S. at 323 (internal quotations omitted).
[22]  *Id.*
[23]  *Liberty Lobby*, 477 U.S. at 250.

presence of a genuine dispute"; or (3) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[24]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must identify those facts of record which would contradict the facts identified by the movant."[25]   Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[26]  On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[27]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[28]   "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[29]  "If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted."[30]

---

[24] Fed. R. Civ. P. 56(c)(1).
[25] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co*., 311 F.3d 226, 233 (3d Cir. 2003) (Weis, J.) (internal quotation marks omitted).
[26] Fed. R. Civ. P. 56(e)(2).
[27] Fed. R. Civ. P. 56(c)(3).
[28] *Liberty Lobby*, 477 U.S. at 249.
[29] *Id*.
[30] *Id*. at 249–50 (internal citations omitted).

That this motion for summary judgment has gone unopposed merits further discussion.  Under the Local Rules of the Middle District of Pennsylvania, when a party does not file a brief in opposition to a motion, it is "deemed not to oppose such motion."[31]  This Court, however, must still satisfy itself that summary judgment would be appropriate based on the traditional standard outlined above.  A merits analysis is generally necessary, even if a motion for summary judgment is unopposed.[32]

Furthermore, with any unopposed motion for summary judgment filed in the Middle District of Pennsylvania, all "material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted" by a statement filed by the opposing party.[33]  Of course, as Plaintiffs have not filed any response to this motion, all of Defendants' material facts are deemed admitted.  Therefore, although this Court must exercise discretion and deny this motion if it is unsatisfied that summary judgment is appropriate, it "would be an exceptional case" where a court finds this necessary, given the advantages the moving party has.[34]

---

[31]   Middle District of Pennsylvania Local Rule 7.6.

[32]   *See Tomasovitch v. Cinram Mfg., Inc.*, 2008 WL 5233612 at *1 (M.D. Pa. Dec. 15, 2008) (citing *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990)).  There are circumstances under which a court may dismiss a case without a merits analysis.  They do not apply here.

[33]   Middle District of Pennsylvania Local Rule 56.1.

[34]   *Lacroce v. M. Fortuna Roofing, Inc.*, 2017 WL 431768 at *3 (D. N.J. Jan. 31, 2017).

## 2.    Undisputed Facts

With that standard outlining the Court's framework for review, I now turn to the relevant undisputed facts of this matter.

Both Plaintiffs and Defendants do business leasing rail cars.[35]  In April 2015, Anadarko Petroleum Corporation, Inc. ("Anadarko") contacted Defendants to see if Anadarko could lease Defendants' rail cars for an upcoming project in Pennsylvania.[36]  Over the following months, Anadarko and Defendants negotiated terms of the potential lease.  Angela Harmon negotiated on behalf of Defendants, while Chad Bruinooge spoke for Anadarko.[37]  Talks ceased, but a few months later, Anadarko came back to the negotiating table with Defendants after discussions with another company broke down.[38]  Eventually Anadarko and Defendants signed a lease agreement.[39]

Sam Mannino admitted that Plaintiffs and Anadarko never signed a written contract, but claimed that he believed they had an oral agreement.[40]  Anadarko disputes the existence of any contract with Plaintiffs.[41]  At his deposition, Mr. Mannino testified that he spoke to a man named Brian Haigh at Alexander Capital to discuss the potential lease with Anadarko.[42]  It was his "belief" that Mr. Haigh

---

[35]  Doc. 16 ¶ 1-2.
[36]  *Id*. ¶ 3.
[37]  *Id*. ¶ 4.
[38]  *Id*. ¶ 6-7.
[39]  *Id*. ¶ 8-9.
[40]  *Id*. ¶ 14.
[41]  *Id*. ¶ 15.
[42]  *Id*. ¶ 11.

or another individual at Alexander Capital sent confidential information regarding

the proposed Mannino/Anadarko lease to Defendants.[43]  Mr. Mannino admits,

however, that he had no evidence to substantiate this speculation.  The Court of

Common Pleas of Centre County has also ruled that "no contract ever existed"

between Anadarko and Plaintiffs.[44]

### 3.  Analysis

To establish tortious interference with a contractual relationship, a plaintiff

must show: "(1) the existence of a contractual relationship between the

complainant and a third party; (2) an intent on the part of the defendant to harm the

plaintiff by interfering with that contractual relationship; (3) the absence of

privilege or justification on the part of the defendant; and (4) the occasioning of

actual damage as a result of defendant's conduct."[45]

Pennsylvania has adopted the Restatement (Second) of Torts approach to

these causes of action.[46]  Here, the undisputed material facts show that Plaintiffs

cannot withstand summary judgment on Count 1.  First, Defendants have pointed

to facts in the record showing that there was not a contract between Plaintiffs and

Anadarko.  Plaintiff has no record of a contract, and merely believes there was a

---

[43]  *Id*.

[44]  *Id*. ¶ 15-16.  An appeal of that decision is currently pending.

[45]  *Walnut St. Assoc., Inc. v. Brokerage Concepts, Inc.*, 982 A.2d 94, 98 (Pa. Super. 2009), *aff'd*, 610 Pa. 371 (2011) (citing Restatement (Second) of Torts § 766 (1979)).

[46]  *See, e.g.*, *Mifflinburg Telegraph, Inc. v. Criswell*, 277 F.Supp.3d 750, 798 (M.D. Pa. 2017).

verbal commitment.[47]  Anadarko has denied the existence of a contract and been

granted summary judgment on this issue.[48]  The absence of a contractual

relationship would foreclose liability as to Count 1 on its own.  It is for this reason,

specifically, that Ms. Harmon's testimony would not change the result on this

claim.

Plaintiffs acknowledged as much in their motion to stay the litigation:

"Correctly, Defendant [sic] argues that a pending appeal on the issue of whether a

contract exists does not preclude Defendant [sic] from arguing that collateral

estoppel doctrine is applicable."[49]  Of course, Plaintiffs may have the ability to

seek relief from this judgment if that state court decision is reversed on appeal.

That question, however, is one for another day.

---

[47]   Doc. 15 Ex. 1 (Mannino Dep. Tr. 26:6-14).
[48]   *Sam Mannino Enterprises, Inc. v. Anadarko Petroleum Corp., Inc.,* No: 2016-4245 (Pa. D.&C. July 17, 2020).
[49]   Doc. 26 at 2.

III.    **CONCLUSION**

The motion for summary judgment is granted on Count 1, because the

undisputed facts show that Plaintiffs did not have a contract with Anadarko.

Plaintiffs shall have a limited amount of time to conduct narrow additional

discovery.  Upon the conclusion of that discovery, Defendants may move again for

summary judgment on Count 2.

An appropriate Order follows.


BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge